Argued and submitted September 30, affirmed December 14, 1988

STATE OF OREGON,
*Appellant,*

*v.*

MIKI MARI DAW,
aka Harrington,
*Respondent.*

(87-371; CA A47348)

765 P2d 241

Jonathan H. Fussner, Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Diane L. Alessi, Deputy Public Defender, Salem, argued the cause for respondent. With her on the brief was Gary D. Babcock, Public Defender, Salem.

Before Warden, Presiding Judge, and Graber and Riggs, Judges.

WARDEN, P. J.

## WARDEN, P. J.

The state appeals from a pretrial order granting defendant's motion to suppress evidence on the basis of a violation of ORS 133.565(3). We affirm.

At 4 p.m., on September 11, 1987, the district court issued a warrant authorizing a search of defendant's residence. The warrant was executed on September 17, 1987, at 5:13 p.m. The warrant did not contain an endorsement allowing its execution more than five days after the date it issued. ORS 133.565(3).[1] At the hearing on the motion to suppress, the trial court concluded that "[a] warrant executed beyond the time stated in the warrant or authorized by statute, is a warrantless search." It stated that "[no] exigent circumstances existed to support the search" and granted defendant's motion to suppress evidence obtained in the search.

The state cites a number of Oregon cases to support its position that a violation of statutory warrant provisions does not automatically require suppression. *See, e.g., State v. Valentine/Darroch,* 264 Or 54, 504 P2d 84 (1972), *cert den* 412 US 948 (1973); *State v. Cortman,* 251 Or 566, 446 P2d 681 (1968), *cert den* 394 US 951 (1969). Those cases are inapposite, because they address searches based on facially valid warrants. Here, the warrant was no longer valid on its face.

■ ■ We hold that a search warrant expires if it is not executed within the time requirements of ORS 133.565(3) and ORS 174.120.[2] A search based on an expired warrant is a warrantless search. Evidence seized in a warrantless search must be suppressed, unless an exception to the warrant requirement exists. *State v. Campbell,* 306 Or 157, 172, 759

---

[1] ORS 133.565(3) provides:

"(3) Except as otherwise provided herein, the search warrant shall be executed between the hours of 7 a.m. and 10 p.m. and within five days from the date of issuance. The judge issuing the warrant may, however, by indorsement upon the face of the warrant, authorize its execution at any time of the day or night and may further authorize its execution after five days, but not more than 10 days from date of issuance."

[2] ORS 174.120 provides:

"Except as otherwise provided in ORCP 10, the time within which an act is to be done, as provided in the civil and criminal procedure statutes, is computed by excluding the first day and including the last unless the last day falls upon any legal holiday or on Saturday, in which case the last day is also excluded."

P2d 1040 (1988); *State v. Miller,* 300 Or 203, 225, 709 P2d 225, *cert den* 475 US 1141 (1985). The state does not assert any exception.

Affirmed.